```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                     WESTERN DIVISION
```

TAMMY BARKER-BAIR,              :
                                :    NO. 1:06-CV-00696
    Plaintiff,                  :
                                :
 v.                             :
                                :    **OPINION AND ORDER**
                                :
COMMISSIONER OF SOCIAL          :
SECURITY,                       :
                                :
    Defendant.                  :

This matter is before the Court on the Report and Recommendation in which the assigned Magistrate Judge recommended that the Administrative Law Judge's non-disability finding be reversed, and judgement be entered in favor of Plaintiff awarding Disability Insurance Benefits (doc. 19). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety.

**I. Background**

Plaintiff applied for Disability Insurance Benefits ("DIB") on October 21, 2002, alleging a disability onset date of August 10, 2002, due to myofacial pain syndrome, fibromyalgia, and depression (Id.). On March 25, 2004, an Administrative Law Judge ("ALJ") denied Plaintiff's application(Id.). Plaintiff's request for review by the Appeals Council was denied on May 25, 2005, making the decision of the ALJ the final administrative decision of the Commissioner (Id.).

Plaintiff filed the instant appeal on October 25, 2006,

claiming:

> (1) the ALJ erred in failing to give controlling weight to the RFC finding of plaintiff's treating physicians; and (2) the ALJ failed to properly evaluate plaintiff's complaints of pain. Upon careful review, and for the reasons that follow, the undersigned finds that the ALJ improperly evaluated plaintiff's fibromyalgia by failing to give controlling weight to the opinion of plaintiff's treating physicians (Id.).

**II. Standard of Review**

Judicial review of the Commissioner's decision, as reflected in the decisions of the Social Security Administrations's Commissioner, ALJ and Appeals Council, is limited to whether the ALJ applied the correct legal standards in reaching his decision and whether there is substantial evidence in the record to support the Commissioner's factual findings. See 42 U.S.C. § 405(g); Smith v. Secretary of Health and Human Servs., 893 F.2d 106, 108 (6th Cir.1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Secretary of Health and Human Servs., 987 F.2d 1230, 1233 (6th Cir.1993) (citation omitted). Accordingly, the Court's "review is limited to determining whether there is substantial evidence in the record to support the findings." Duncan v. Secretary of Health & Human Servs., 801 F.2d 847, 851 (6th Cir. 1986).

"Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). It is for the Commissioner to resolve conflicts in the evidence and to decide questions of credibility. Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir. 1987). Credibility determinations, however, may be disturbed when the Court is presented with a compelling reason. Smith v. Halter, 2002 Fed. App. 0348P (6th Cir. 2002).

The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts." Id. (citation omitted). If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm. Kirk, 667 F.2d at 535.

**III. Discussion**

The Magistrate Judge, after acknowledging the "substantial evidence" standard, thoroughly reviewed the record and relevant case law, and first concluded that the ALJ erred in failing to give controlling weight to the RFC assessment submitted

-3-

by Plaintiff's treating physicians, Drs. Henderson and Saleh, who each found Plaintiff capable of performing less than sedentary work (doc. 19). As the Magistrate Judge recognized, an ALJ must give the opinion of a treating source controlling weight if he or she finds that the opinion is "well-supported by medially acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." Wilson v. Commissioner of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)). After thoroughly reviewing the medical evidence, the Magistrate Judge found that "the ALJ improperly discounted Dr. Henderson's and Dr. Saleh's opinions based upon the purported absence of objective medical findings" (doc. 19, citing Gang v. Barnhart, 2003 WL 22183423, *5 (E.D.N.Y. 2003)).

Likewise, the Magistrate Judge found the ALJ erred in evaluating Plaintiff's pain, credibility, and subjective complaints (doc. 19). The Magistrate Judge noted that Plaintiff's complaints of disabling pain were in fact corroborated by the objective medical findings of Drs. Henderson and Saleh (Id.). Further, the Magistrate Judge found that the ALJ erred by selectively relying on Plaintiff's testimony regarding her daily activities, and by over-emphasizing one incident involving alcohol (Id.). The Magistrate Judge concluded that the "ALJ's findings with respect to credibility are not supported by substantial evidence and should be

-4-

reversed" (Id.).

Ultimately, the Magistrate Judge opined that in view of the opinions of Plaintiff's treating physicians and her assertions of disabling pain, there exists substantial evidence of Plaintiff's disability (Id.). The Court, having fully reviewed this matter, finds the Report and Recommendation well-reasoned, thorough, and correct. The ALJ's findings are not supported by substantial evidence and the Court determines that "all essential factual issues have been resolved and the record adequately establishes [Plaintiff's] entitlement to benefits." Felisky v. Bowen, 35 F.3d 1027, 1041 (6th Cir. 1994). The Court finds that an award of benefits is proper in this case because the "proof of disability is strong and evidence to the contrary is lacking." Id.

The Parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). Neither Party filed any objections thereto within the ten days provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C).

**IV. Conclusion**

Having reviewed this matter de novo pursuant to 28 U.S.C.

§636(b), the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (doc. 19), and thereby REVERSES the ALJ's non-disability finding, REMANDS this matter to Defendant Commissioner for an immediate award of disability insurance benefits, and CLOSES this case.

       SO ORDERED.


Dated: April 1, 2008       /s/ S. Arthur Spiegel
                                    S. Arthur Spiegel
                                    United States Senior District Judge